**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| KHALID MAHAMMED, <br><br> Plaintiff, <br><br> v. <br><br> OFC. R. MARINER, et al., <br><br> Defendants. | Civil Action No.:  ELH-23-2193 |

**MEMORANDUM**

Plaintiff Khalid Mahammed, who is incarcerated at Eastern Correctional Institution ("ECI"), alleges, pursuant to 42 U.S.C. § 1983, that his rights under the Eighth, Thirteenth, and Fourteenth Amendments to the Constitution were violated when he was issued a disciplinary ticket based on false allegations. ECF 1. For the reasons discussed below, plaintiff's Complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.

Moreover, plaintiff did not pay the filing fee or file a motion to proceed in forma pauperis seeking its waiver. He states that he would like to pay the $350 filing fee and asks the Court to direct the finance officer to remove the funds from his account. ECF 1 at 1. Plaintiff is advised that if he elects to pay the full filing fee, the fee will be $402, rather than $350. However, if plaintiff is granted leave to proceed in forma pauperis and charged monthly payments under the PLRA, the payments shall not exceed $350.

Plaintiff will be granted leave to file an amended complaint. He will also be granted leave to submit a motion to proceed in forma pauperis, or, alternatively, to pay the filing fee of $402.

**Discussion**

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this Complaint, and require dismissal of the Complaint if it (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* ___ U.S. ___, 140 S.Ct. 1721 (2020). Here, the Complaint is deficient because plaintiff fails to plead sufficient facts to demonstrate that a cause of action has accrued on his behalf.

Plaintiff alleges that on July 31, 2023, defendant Ofc. R. Mariner wrote a false ticket report stating that plaintiff refused direct orders to leave the medical unit. ECF 1 at 2. He states that camera footage shows that he exited the medical unit and he was "arrested" outside on the compound, showing that he followed orders to leave the medical unit. *Id.* at 2-3. Plaintiff contends that there was no evidence to support the ticket and defendants Barbara Milbourne and Tracie Cope failed to follow prehearing procedures by approving the ticket. *Id.* at 4. Plaintiff seeks monetary and injunctive relief. *Id.*

The Fourth Circuit has said generally that "a false disciplinary charge cannot serve as the basis for a constitutional claim." *Cole v. Holloway*, 631 F. App'x 185, 186 (4th Cir. 2016) (noting that there may be exceptions where the action is retaliatory or arbitrary) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)). Plaintiff does not allege any motivation behind Mariner's actions. Thus, plaintiff's claim regarding a false ticket report may not proceed as plead.

Plaintiff also seems to challenge the disciplinary proceedings themselves. However, he fails to provide sufficient facts to support a claim. Prisoners retain rights under the Due Process Clause, but prison disciplinary proceedings are not part of a criminal prosecution and the full array

2

of rights due a defendant in such proceedings does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)).

In prison disciplinary proceedings, where an inmate faces the possible loss of diminution credits, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, (4) a written decision; (5) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (6) an impartial decision-maker. *See Wolff*, 418 U.S. at 564-66, 592.

However, there is no constitutional right to confront and cross-examine witnesses or to retain or obtain appointed counsel. *See Baxter v. Palmigiano*, 425 U.S. 308, 322 (1976); *Brown v. Braxton*, 373 F.3d 501, 504-05 (4th Cir. 2004). As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. *See Baxter*, 425 U.S. at 322, n.5. Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *Tyler v. Hooks*, 945 F.3d 159, 171 (4th Cir. 2019) ("the 'some evidence' standard is extremely broad in scope and presents a very low burden for prison officials to meet."),

Federal courts do not review the correctness or accuracy of a disciplinary hearing officer's findings of fact, as long as there is some evidence in the record to support the factual findings. *See Kelly v. Cooper*, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. *See Hill*, 472 U.S. at 456; *see also Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir. 1990); *Tyler*, 945 F.3d at 171-72. The

mere fact that a DOC rule governing adjustment hearings was violated does not necessarily equate to a due process violation. *Riccio v. Fairfax*, 907 F.2d 1459, 1466 (4th Cir. 1990) ("a state does not necessarily violate the constitution every time it violates one of its rules."); *Ewell v. Murray*, 813 F. Supp. 1180, 1183 (W.D. Va. 1993) ("Even if state law creates a liberty interest, violations of due process are to be measured against a federal standard of what process is due.").

Because plaintiff proceeds pro se, and he has stated one or more potentially cognizable claims, as outlined above, he will be afforded an opportunity to amend his Complaint to add facts supporting his allegations and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984). In amending the Complaint, plaintiff should provide the times, dates, and locations of the relevant events; identify as defendants the individuals he alleges are responsible for violating his constitutional rights; describe the actions of each defendant and provide all facts which support his claim for violation of his due process rights; state how, if at all, he was injured by defendants' conduct; and list the precise relief requested from the Court.

The Amended Complaint must conform to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint include a short and plain statement of the claim that shows the plaintiff is entitled to relief such that the defendant is fairly placed on notice of the claim and the "grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), the allegations must be "simple, concise, and direct." A complaint that includes only legal conclusions, labels, or a formulaic recitation of the elements of a cause of action, does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 10(a) requires that the complaint identify each defendant allegedly responsible for the wrongdoing. *See* Fed. R. Civ. Proc. 10(a).

Plaintiff is reminded that the Amended Complaint will replace the current Complaint. *See Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021); *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001). Accordingly, plaintiff must include all allegations against each of the defendants he names so that the Amended Complaint stands alone as the sole complaint in this case.

Plaintiff is warned that failure to file an Amended Complaint consistent with this Order may result in the dismissal of the case, as set forth in the attached Order. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). If plaintiff, while incarcerated, has three actions or appeals dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1), his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed. *See* 28 U.S.C. § 1915(g).

An Order follows.

Date: August 25, 2023                                        /s/
                                                              Ellen L. Hollander
                                                              United States District Judge